UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| RICKY GRANT, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV409-149 |
| LARRY CHISOLM, NATHANIEL WRIGHT, | ) ) ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

Ricky Grant has filed a form 42 U.S.C. § 1983 complaint seeking no money, but requesting this Court's assistance. Specifically, he wants the Court

> to step in to prevent a bad faith prosecution happening! The state courts know that perjury have happen [sic] but they are still trying to make me take a deal and plead guilty[,] which I'm not! So I need the courts conjunction [sic] in this matter and see the exculpatory statements that could have stop [sic] the grand jury indicting the charge [sic] against me.

Doc. 1 at 6; *see also* doc. 3 (same Complaint, filed the same day, but with added factual allegations, thus construed here as an Fed. R. Civ. P. 15(a)(1)(A) amendment).

Having demonstrated his indigence, the Court **GRANTS** Grant's motion for leave to file this action in forma pauperis (IFP). Doc. 2. However, a prisoner or detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915 & 1915A.[1] Section 1915A requires a district court to screen the complaint for cognizable claims as soon as possible after docketing. The Court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

In all cases, of course, substance must govern over nomenclature. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal"); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 164 (1984). By seeking injunctive relief and, by implication,

---

[1] *See* 28 U.S.C. § 1915(h), which subjects detained arrestees like Grant to the PLRA.

2

dismissal of his state charges and his immediate release from custody, Grant advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2241[2] federal habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). As the

---

[2] 28 U.S.C. § 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). While § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

Eleventh Circuit has held, the federal habeas statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Since Grant's claim challenges the legality of his confinement, it falls within the "core" of habeas corpus and thus may not be bought under § 1983. *Wilkinson*, 544 U.S. at 79; *Nelson*, 541 U.S. at 643. But before Grant can pursue federal habeas relief, he must first exhaust his state remedies. Here, Grant represents that there exists a state criminal proceeding against him, and the local jail's website lists him as a detainee. If he believes that his current pretrial detention is unlawful, he has an available state remedy, for Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Grant also has the option of going to trial in the state criminal case and then directly appealing any conviction. Thus, he has available state remedies that he must exploit before seeking federal habeas relief here. *See Fields v. Tankersley*, 487 F. Supp. 1389 (S.D. Ga. 1980) (federal court could not consider challenge to state court's denial of bail

until petitioner first exhausted his state habeas remedies); *D'Angelo v. Taylor*, 2008 WL 3861893 at * 2 (S.D. Ga. Aug. 18, 2008) (unpublished); *Morgan v. St. Lawrence*, 2007 WL 1812630 at * 2 (S.D. Ga. June 19, 2007).

Accordingly, the Court should recharacterize Ricky Grant's 42 U.S.C. § 1983 complaint as a 28 U.S.C. § 2241 federal habeas petition and then **DISMISS** it WITHOUT PREJUDICE for lack of exhaustion. *See Bowens v. St. Lawrence*, 2009 WL 1288930 at * 2 (S.D. Ga. May 8, 2009) (unpublished).

**SO REPORTED AND RECOMMENDED,** this 5th day of October, 2009.

/s/ Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA